IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AJAMU S. OSBORNE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:16-CV-1050-M-BH |
| | ) | |
| CHIEF U.S. MARSHAL, et al., | ) | |
| | ) | |
| Defendants. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for full case management. Before the Court is the *Motion to Intervene and/or Implead*, received June 10, 2016 (doc. 14.) Based on the relevant filings and applicable law, the case should be dismissed, and the motion should be denied as moot.

**I. BACKGROUND**

On April 19, 2016, federal prisoner Ajamu S. Osborne (Plaintiff) filed this *pro se* action for monetary damages against the Chief U.S. Marshal DBA U.S. Marshal Service for the Eastern District of Virginia; the Warden DBA FCI Elkton and Records Dept. (Federal Correctional Institute in Elkton, Ohio); and the DSCC Director DBA FBOP Designation and Sentence Comp. Ctr. in Grand Prairie, Texas, based on the calculation of his federal prison sentence. (*See* doc. 3 at 1-2.)[1] He claims that the sentencing judge told him that he would only serve 85% of the sentence imposed, but that "DSCC did a calculation of time due him and made two grave errors. First, they calculated his 85% so that it comes out at 87%; second, and more seriously, they did not credit any of the time under 'Enlarged Detention Order Conditions' Pretrial." (*Id.* at 2, 4-5.) He claims that the time he

---

[1] Citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

spent in pretrial detention for which he did not receive credit to his sentence is property and has value. (*Id.* at 2.) Plaintiff also claims that he gave the defendants notice of the miscalculation, they have not responded, and the Warden continues to apply the improper calculations and is preventing him "from proper security, program, or location placement." (*Id.* at 5.) He expressly seeks monetary damages for deliberate indifference, unfair trade practices, unfair debt collection practices, accounting malpractice, civil rights violations, forgery, unfair claims settlement practices, state law negligence, misfeasance, personal injury and property loss, and unfair employment practices. (*Id.* at 3, 7-8.) No process has been issued in this case.

## II. PRELIMINARY SCREENING

Plaintiff is an inmate in the federal prison system who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim that falls under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v.*

2

*Lyons*, 74 F.3d 99, 102 (5th Cir. 1996).  A claim fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted.  *Id.*

### III. BIVENS

Plaintiff's claims against government officials for monetary damages based on the alleged miscalculation of his sentence arise under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  (*See* doc. 8.)

In *Bivens*, the Supreme Court held that the violation of a person's constitutional rights by a federal official may give rise to an action for monetary damages in federal court.  *Bivens* is "the counterpart to 42 U.S.C. § 1983," and it extends the protections afforded under § 1983 to parties injured by federal actors.  *Chapman v. United States*, No. 4:06-CV-0426-Y, 2006 WL 3831227, at *1 n.8 (N.D. Tex. Dec. 27, 2006); *see also Izen v. Catalina*, 398 F.3d 363, 367 n.3 (5th Cir. 2005) (per curiam).  To state a claim under § 1983, a plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law.  *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005). Unless the federal defendants have deprived a plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States, a plaintiff has no viable claim under *Bivens*.  *See Evans v. Ball*, 168

3

F.3d 856, 863 n.10 (5th Cir. 1999) (recognizing that "[a] *Bivens* action is analogous to an action under § 1983— the only difference being that § 1983 applies to constitutional violations by state, rather than federal, officials").

Here, Plaintiff's claim that his sentence has been miscalculated challenges the duration of his confinement. *See also Cook v. Chief U.S. Marshal*, No. 4:16-CV-1529, 2016 WL 4079718, at *2 (N.D. Ohio Aug. 1, 2016) (finding that central theme of "Mixed Common Law and Equity Complaint fo Records Cancellation and Restoration of Personal Property" was incorrect sentence calculation); *Kirby v. Chief U.S. Marshal*, No. 3:16-CV-1393-O, 2016 WL 3880997, at *2 (N.D.Tex. May 24, 2016) (construing virtually identical complaint as challenge to duration of confinement under *Bivens*), rec. adopted by 2016 WL 3745708 (N.D.Tex. July 13, 2016); *Orlando v. Chief U.S. Marshal*, No. 3:16-CV-1425-M, 2016 WL 3526091, at *2 (N.D.Tex., 2016) (same), rec. adopted by 2016 WL 3552256 (N.D. Tex. June 23, 2016). Where a party seeks relief in federal court from the duration of confinement, the claim "is cognizable only in federal habeas corpus." *See Preiser v. Rodriguez*, 411 U.S. 475, 499 n. 14 (1973).[2] A prisoner cannot challenge the fact or duration of confinement in a civil rights action. *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (citing *Preiser*, 411 U.S. at 487).

As in *Cook*, Plaintiff attempts to sidestep this limitation by seeking monetary damages, which are not available in federal habeas corpus proceedings, instead of a reduction in sentence. *Cook*, 2016 WL 4079718, at *2 (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)). In *Heck*, the Supreme Court held that a plaintiff cannot assert any claim for damages in a civil rights action

---

[2] By order dated April 21, 2016, Plaintiff's challenge to the calculation of his sentence was construed as a petition for writ of habeas corpus under 28 U.S.C. § 2241, severed from his claim for monetary damages, and transferred to the district where he is confined. (*See* doc. 8.)

that would necessarily imply the invalidity of his conviction or sentence until he can show that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. 512 U.S. at 486-87; *see also Cronn v. Buffington,* 150 F.3d 538, 541 (5th Cir. 1998) (*"Heck* applies to *Bivens* actions")(citing *Stephenson v. Reno,* 28 F.3d 26, 27 (5th Cir. 1994)).

Here, a finding in Plaintiff's favor on his various claims for monetary damages based on the alleged miscalculation of his sentence would necessarily imply its invalidity. Accordingly, he must demonstrate that his allegedly improper incarceration has been reversed, invalidated, or expunged prior to bringing this action for monetary damages under *Bivens. See Cook*, 2016 WL 4079718, at *2; *Kirby*, 2016 WL 3880997, at *1–2; *Orlando*, 2016 WL 3526091, at *1–2; *Baker v. Chief U.S. Marshal*, No. 16-70-DLB, 2016 WL 3227673, at *1–2 (E.D. Ky. June 9, 2016). He has not done so. His claims are therefore "legally frivolous" within the meaning of 28 U.S.C. § 1915 and should be dismissed "with prejudice to [] being asserted again until the *Heck* conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996); *Boyd v. Biggers*, 31 F.3d 279, 283-84 (5th Cir. 1994); *Stephenson v. Reno*, 28 F.3d 26, 27-28 (5th Cir. 1994).

## IV. RECOMMENDATION

The Court should **DISMISS** the complaint with prejudice as frivolous under 28 U.S.C. § 1915A(b) and § 1915(e)(2)(B) until the plaintiff satisfies the conditions in *Heck v. Humphrey*, 512 U.S. 477 (1994). This dismissal will count as a "strike" or "prior occasion" within the meaning 28

U.S.C. § 1915(g).[3] The *Motion to Intervene and/or Implead* should be denied as moot.

**SIGNED this 8th day of November, 2016.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[3] Section 1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.